IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Anthony Glenn James, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 2:23-cv-03298-TMC |
| | ) **ORDER** |
| ATF Agent John Sonnendecker; U.S. Attorney Christopher Scott Lietzow; U.S. Attorney Janet Carra Henderson; and William Crockette, | ) |
|       Defendants. | ) |

**Background**

Plaintiff Anthony Glenn James, proceeding *pro se* and *in forma pauperis*, filed this action under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).alleging violations of his constitutional rights.. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), the action was automatically referred to a United States Magistrate Judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 18), recommending that the court dismiss this action without issuance and service of process and without leave to amend. Plaintiff, however, filed objections (ECF No. 20) and seeks to amend further (ECF No. 23).

Briefly, Plaintiff's claims are based upon a December 2020 traffic stop in Charleston, South Carolina by Charleston police officer Cody Daniels on the basis that Plaintiff's taillights were not functioning properly. (ECF No. 18 at 3). During the stop, marijuana and a firearm were recovered; Plaintiff was detained overnight and then released on bail. Subsequently, Plaintiff was indicted by a federal grand jury for possession of a controlled substance with intent to distribute, 21 U.S.C. §§

841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 841(b)(1)(D); possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c)(1)(A); and possessing a firearm after having been convicted of a felony offense pursuant to 18 U.S.C. § 922(g)(1). A federal magistrate judge, following the indictment, issued an arrest warrant. Ultimately, Plaintiff's criminal charges were dismissed with prejudice on the government's motion following a hearing on Plaintiff's motion to suppress for lack of probable cause.[1]

Plaintiff filed this action against Defendant John Sonnendecker, an ATF agent; Defendants Christopher Scott Lietzow and Janet Carra Henderson—federal prosecutors in the offices of the United States Attorney for the District of South Carolina; and Officer William Crockette who Plaintiff indicates is part of the "Charleston [Police Department]—ATF Liaison." (ECF No. 1 at 2–3).[2] Plaintiff claims the Defendants abridged his Fourth, Eighth and Fourteenth Amendment rights by failing "to properly investigate a traffic stop before incarcerating [him], without probable cause, for 10 months" as a review of footage from the arresting officer's body camera purportedly would have reflected no probable cause. *Id*. at 5. Plaintiff seeks to recover monetary damages flowing from his ten months of detention following his arrest.

## Report

In the Report, with respect to Defendants Lietzow and Henderson, the magistrate judge concluded that both Lietzow and Henderson are shielded by immunity, noting that "[p]rosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal

---

[1] *USA v. James*, 2:22-cr-191-RMG (ECF No. 76).
[2] Plaintiff previously brought an action against Daniels, the arresting officer, among other individuals. *James v. Daniels*, 2:22-cv-1444-TMC. This court denied Plaintiff's motion for summary judgment, (ECF No. 73), and Plaintiff appealed the denial of summary judgment (ECF No. 76). The Fourth Circuit dismissed the appeal because it was "neither a final order nor an appealable interlocutory or collateral order." (ECF No. 86 at 2). While that appeal was pending, the parties reached a settlement and ultimately filed a stipulation of dismissal. (ECF No. 81).

trial, bond hearings, bail hearings, grand jury proceedings, and pretrial hearings, (ECF No. 18 at 8) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000)), and that "the law is clear that '[t]he doctrine of absolute immunity squarely covers a prosecutor's decision to go forward with a prosecution,'" *id*. (quoting *Springmen v. Williams*, 122 F.3d 211, 212 (1997)).

With regard to Plaintiff's claims that his Fourth Amendment rights were violated because he was arrested without probable cause, the magistrate judge found that Plaintiff failed to allege facts showing that any of the *named* defendants lacked probable cause at the time of his arrest on federal charges as these defendants "had knowledge Plaintiff had been arrested by local police while possessing drugs and a gun." *Id*. at 6–7. Additionally, the magistrate judge observed that "Plaintiff admits he was served with indictments," and an "'indictment, 'fair upon its face,' returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause.'" *Id*. at 7 (quoting *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012)).

Finally, as to Plaintiff's alleged Eighth and Fourteenth Amendment claims, the magistrate judge found Plaintiff failed to allege any facts to support his Eighth and Fourteenth Amendment claims. *Id*. at 6. The Report notes that Plaintiff "does not describe [his detention] as cruel or unusual" and that "Plaintiff does not claim he was incarcerated without due process of law, and the docket in [the criminal case] reveals he was provided all constitutional protections, such as a detention hearing and a hearing on his motion for reconsideration of bond." *Id*.

Accordingly, the magistrate judge recommends this action be dismissed without issuance and service of process and without leave to amend. *Id*. at 9.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*,

774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

**Discussion – Objections and Additional Claims**

As noted, Plaintiff has submitted objections to the Report. (ECF No. 20). Plaintiff argues that Defendants Lietzow and Henderson should not be protected by prosecutorial immunity because they "suborn[ed] perjury in an attempt to have these charges remain against me." *Id*. at 2. Plaintiff does not allege in his complaint any facts to support this conclusory statement; however, even assuming Plaintiff had alleged facts showing these defendants knowingly presented false testimony, Defendants Lietzow and Henderson would nonetheless be entitled to absolute immunity for tasks performed in their official capacity in connection with the judicial phase of the criminal process. *See, e.g.*, *Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996) ("[W]e hold that [Assistant United States Attorney] Arnell enjoys absolute immunity from claims that she made false representations and suborned perjury before the grand jury that indicted Edmond and Lyles."). The court overrules this objection.

Plaintiff further objects to the magistrate judge's conclusion that the complaint fails to allege facts showing that any of the named defendants lacked probable cause at the time of his arrest and that an indictment that is proper on its face "conclusively determines the existence of probable cause.'" (ECF No. 18 at 7) (quoting *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012)); (ECF No. 20 at 2). Plaintiff suggests that the government's dismissal of his criminal charges reflects that there was no probable cause for his traffic stop. Plaintiff's objections, however, do not address the complete lack of factual allegations regarding any alleged wrongdoing by Defendants Sonnendecker or Crockette. Accordingly, the court also overrules this objection. *See Harmon v. Dunbar*, No. 1:22-cv-01663-TMC, 2024 WL 4800025, at *2 (D.S.C. Nov. 15, 2024) (dismissing based in part on "insufficient allegations to support any claim against any named

defendant as his amended complaint contains no specific factual allegations against any of the individual defendants").

Plaintiff also objects to the Reports conclusion that he failed to allege sufficient facts to establish an Eighth or Fourteenth Amendment claim. He argues that there was no probable cause to support his arrest and, therefore, his resulting pretrial detention was, in and of itself, cruel and unusual as it resulted in the loss of his freedom, his home, property and his credit, among other things. (ECF No. 20 at 1). Plaintiff, however, does not dispute that he was afforded a detention hearing, a hearing for reconsideration of bond and other due process protections, and he does not allege how any of the named defendants are connected to his pretrial detention other than their apparent involvement in his arrest and prosecution. The court, therefore, rejects this argument as well.

Finally, Plaintiff, without alleging any supporting facts, seeks to add the following additional defendants: the United States of America; the City of Charleston; and the City of Charleston Police Department. (ECF No. 23). He also lists several state law causes of action—malicious prosecution, false arrest, intentional infliction of emotional distress, negligence, fraud, and abuse of process--but does not allege any facts whatsoever showing how any named defendant might be liable for such claims. *Id*. The court denies Plaintiff leave of court to add these additional parties and claims. The additional defendants are not subject to suit. "While a *Bivens* action allows for recovery of money damages against federal officials who violate the United States Constitution in their individual capacities, *Bivens* does not allow recovery of money, damages, or suits in general, against the [United States] government itself." *Hamilton v. United States*, No. 2:20-cv-01666-RMG, 2020 WL 5939235, at *4 (D.S.C. Oct. 7, 2020), *aff'd*, 848 F. App'x 564 (4th Cir. 2021). The City of Charleston and the Charleston Police Department likewise "may not be sued

6

pursuant to § 1983 (or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1999) for those acting under color of federal law)" as "[i]t is well settled that only 'persons' may act under color of law; thus, a defendant in a § 1983 action (or *Bivens* action) must qualify as a 'person.'" *Brown v. Anderson Cnty. Sheriff's Dep't*, No. 8:24-cv-04392-BHH-KFM, 2024 WL 4634974, at *4, *report and recommendation adopted*, No. 8:24-CV-4392-BHH, 2024 WL 4634948 (D.S.C. Oct. 31, 2024). As for the state law claims, Plaintiff does not allege any facts stating a claim upon which relief could be granted against the named defendants; however, to the extent such facts can be gleaned from the existing record, the court has dismissed Plaintiff's federal claims and declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over Plaintiff's state law claims.

## Conclusion

For the foregoing reasons, Plaintiff's objections are overruled. The court has reviewed the Report under a *de novo* standard, finds no error in the Report and can discern no basis for deviating from the recommendations in the Report. The court agrees with and **ADOPTS** the magistrate judge's findings, conclusions and recommendations in the Report (ECF No. 18), which is incorporated herein by reference. Additionally, for the reasons stated, Plaintiff's motion to amend (ECF No. 23) is **DENIED**. Accordingly, this action is hereby **DISMISSED** with prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 6, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.